(136 App. Div. 851.)

RODGERS v. BAKER.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

BILLS AND NOTES (§ 60*)—MONEY RECEIVED (§ 8*)—DELIVERY—EXECUTION IN
    BLANK—AUTHORITY TO FILL IN AMOUNT.
        Where plaintiff sent an employé to defendant's store for a keg of nails,
    with a signed blank check payable to defendant's order, to be filled in by
    defendant for the price of the nails, and his employé purchased the nails
    for $3.25, if defendant knew that the check was left to be filled in only
    for the price of the nails, he had no authority to fill it in with the amount
    of another debt due from plaintiff, and if he did so, and collected the
    check, plaintiff could recover the sum unlawfully collected.
        [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 89; Dec.
    Dig. § 60;* Money Received, Cent. Dig. § 30; Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of Brooklyn.

Action by Robert M. Rodgers against Amos S. Baker. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, CARR, JENKS, and THOMAS, JJ.

Edwin G. Davis, for appellant.
William Wills, for respondent.

HIRSCHBERG, P. J. The plaintiff has recovered a judgment against the defendant for the sum of $183.50 and costs. The facts are somewhat peculiar, but I think the decision was correct. On the 24th day of April, 1909, the plaintiff sent one of his employés to the defendant's store to buy a keg of nails, with a written order for the same. Not knowing the price, he gave him also a blank check, duly signed, and payable to the defendant's order, with directions to leave it at the store to be filled in by the defendant for the purchase price of the nails. The messenger purchased the nails at the price of $3.25 from the defendant's clerk, delivered the check to him, telling him it

was to pay for the nails, and received at the same time a receipted bill for the amount. The defendant was not present at the time, but, on receipt of a blank check from his clerk, filled it in in the sum of $186.75, and collected the money.

The pleadings were oral, the pleadings being a general denial only. On the trial the defendant claimed that the plaintiff was indebted to him in an open account in the sum of $183.50, and that, the check being in blank, he filled it in for the amount of such account added to the price of the nails. He did not produce his clerk as a witness, nor did he testify that the clerk did not inform him that the check had been left to pay for the nails only. The account for $183.50 was not proven, and the plaintiff testified that his indebtedness to the defendant was only between $10 and $20. In the circumstances, the act of the defendant in filling out the check for the sum which he did was unauthorized, and he is clearly liable to refund to the plaintiff the sum of money which he thus unlawfully collected and received.

The judgment should be affirmed. All concur.